```
      IN THE UNITED STATES DISTRICT COURT
    FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

VERONICA I. LITTLEFIELD,

    Plaintiff,

v.                                      Civil Action No. 5:07CV110
                                                      (STAMP)

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The plaintiff, Veronica I. Littlefield, filed an application on August 17, 2004, for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In the application, the plaintiff alleged disability since October 1, 2003, due to asthma, colitis, migraines, severe eczema, depression, hypoglycemia, and back problems.

The state agency denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on May 22, 2006, before Administrative Law Judge ("ALJ") Norma Cannon. The plaintiff, represented by counsel, testified on her own behalf. Vocational Expert ("VE") Larry Bell also testified at the hearing. On July 3, 2006, the ALJ issued a decision finding that the plaintiff was not disabled because she could perform a wide range of light physical activity. The Appeals Council denied the plaintiff's request for review on June 27, 2007,

rendering the ALJ's decision the final decision of the Commissioner. Thereafter, the plaintiff filed the present action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security.

The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. In his report, the magistrate judge recommended that the defendant's motion for summary judgment be denied, and that the plaintiff's motion for summary judgment be granted by a remand to the Commissioner.

Upon submitting his report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right

2

to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

### III. Discussion

In her motion for summary judgment, the plaintiff argues that the ALJ erred in (a) not fulfilling her duty to develop the record as required by regulations and Fourth Circuit case law when she failed to obtain the records and medical tests from treating physicians, and (b) that such failure prejudiced the plaintiff's claim because the ALJ relied heavily on objective medical evidence, and the lack thereof, in reaching a decision. The Commissioner contends that the plaintiff's arguments are without merit and that the ALJ properly fulfilled her duty to develop the record.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

A.  <u>Failure to Develop Material Evidence</u>

The plaintiff argues that the ALJ failed to obtain the following evidence to fully complete the record: February 3, 2005, emergency room visit at Davis Memorial Hospital; Dr. Pondo's treatment notes from July 26, 2005, through June 1, 2006, which included a spirometry test; medical records from Dr. Franz and other doctors in his dermatology practice, dated between July 14, 2005, and April 13, 2006; June 7, 2005, lumbo-sacral spine and cervical spine x-rays; and June 30, 2005, lumbar and cervical spine MRIs. Further, the plaintiff alleges that the ALJ should have known that these records were not included in the record before her and obtained such records before reaching a decision.

As the magistrate judge correctly notes in his October 15, 2008 report and recommendation, "the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." <u>Walker v. Harris</u>, 642 F.2d 712, 714 (4th Cir. 1981); <u>Marsh v. Harris</u>, 632 F.2d 296, 300 (4th Cir. 1980)). Moreover, "[w]here the ALJ fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." <u>Marsh</u>, 632 F.2d at 300 (citing <u>Cutler v. Weinberger</u>, 516 F.2d 1282 (2d Cir. 1975); <u>Hess v. Sec'y of Health, Educ. & Welfare</u>, 497 F.2d 837 (3d Cir. 1974); <u>Hicks v. Mathews</u>, 424 F. Supp. 8 (D. Md. 1976)).

4

The magistrate judge found that the ALJ did not fully inquire into the issues necessary for adequate development of the record. Specifically, the plaintiff testified at the administrative hearing that she was treated for psoriasis by Dr. Franz or his partner, Dr. Jackson, every three months, and that she had been treated by Dr. Pondo, a pulmonologist, every three months or as needed. In addition, the record contained a July 15, 2005 Disability Report-Appeal available for the ALJ's review, noting the plaintiff's treatments with Dr. Franz and his associates, as well as Dr. Pondo. Yet, despite the ALJ's notice at the administrative hearing that records concerning the plaintiff from Dr. Franz and his associates and Dr. Pondo did exist, the ALJ did not obtain these records.

Additionally, the plaintiff underwent medical testing, and although the plaintiff did not inform the ALJ of these tests at the administrative hearing, such tests were listed on the Disability Report-Appeal. Based upon this information, the magistrate judge stated that

> the information provided to the ALJ about Plaintiff's treatment by specialists and the various medical tests through the testimony of the Plaintiff and through a thorough review of the record before her is sufficient to have caused the ALJ to question the completeness of the record and to then obtain additional evidence.

(Report 26-27 (Oct. 15, 2008)). This Court finds that there is no clear error in the magistrate judge's finding that the ALJ did not fully develop the record and that substantial evidence fails to support the ALJ's decision.

5

B.  <u>Failure to Develop Record Prejudiced Plaintiff's Claim</u>

The plaintiff next argues that the Appeals Council erred by "summarily conclud[ing] that the new evidence did not provide a basis for changing the ALJ's decision without explanation of the weight it afforded that new evidence." (Pl.'s Br. Summ. J. 14.) Under 20 C.F.R. § 404.970(b), the Appeals Council shall consider evidence submitted with a request for review if the evidence is new, material, and relates to the period on or before the date of the ALJ's decision. Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome. <u>Wilkins v. Sec'y Dept. of Health and Human Servs.</u>, 953 F.2d 93, 96 (4th Cir. 1991).

The magistrate judge held that the evidence submitted to the Appeals Council was both new and material because had the evidence been before the ALJ at the time of the administrative hearing, it might have altered the ALJ's ultimate decision. Next, the magistrate judge found that it must review the whole record, considering the new evidence together with the evidence already before the ALJ, to determine whether the ALJ's decision was supported by substantial evidence. After reviewing the evidence, the magistrate judge held that the decision of the Appeals Council as to the new evidence, including the plaintiff's emergency room visit, the treatment notes of Dr. Pondo and Dr. Jackson, the results of the spirometry test, and the results of an MRI and x-ray, is not supported by substantial evidence.

Particularly, the plaintiff was treated at the Davis Memorial Hospital emergency department on February 3, 2005, for difficulty breathing and wheezing. Yet, the ALJ found that the plaintiff never went to the hospital for treatment. The magistrate judge found that this finding is not supported by substantial evidence. The ALJ found that the plaintiff did not have trouble breathing, despite the fact that the plaintiff's breathing condition was treated by a specialist, who opined that she had asthma, and the specialist's opinion was later confirmed by a pulmonary function test. Again, the magistrate judge found that this finding is not supported by substantial evidence. The magistrate judge also found that substantial evidence does not support the Commissioner's finding that the plaintiff's psoriasis was not significant because the plaintiff was diagnosed on April 13, 2006, with arthritis in her hips, fingers, toes, and shoulder. Finally, the magistrate judge found that the ALJ's decision that the results of a cervical x-ray and accompanying MRI were not necessary to make a ruling on the plaintiff's claim is not supported by substantial evidence because such tests were not analyzed relative to the plaintiff's conditions. This Court finds no clear error in the magistrate judge's finding that the decision of the Appeals Council as to the new evidence is not supported by substantial evidence.

## IV. Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court

7

finds that the recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that the defendant's motion for summary judgment be DENIED and that the plaintiff's motion for summary judgment be GRANTED and REMANDED to the Commissioner for further proceedings consistent with this opinion and the report and recommendation of the magistrate judge. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the defendant was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Because the defendant has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: November 14, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE